J-S61028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NORMAN MAPP | : | |
| | : | |
| Appellant | : | No. 3785 EDA 2017 |

Appeal from the PCRA Order October 24, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0013788-2009

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 27, 2018**

Norman Mapp appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act.  We vacate the order and remand with instructions.

In 2009, Appellant was arrested and charged with various firearms offenses.  The trial court granted his motion to suppress, and the Commonwealth appealed.  This Court reversed the suppression order and remanded for trial.  *See Commonwealth v. Mapp*, 43 A.3d 511 (Pa.Super. 2012) (unpublished memorandum).  Appellant did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.

Thereafter, Appellant failed to appear for trial, and was convicted *in absentia* of all charges.  On August 23, 2013, he was sentenced *in absentia* to

137 months to 306 months incarceration. Appellant did not file a direct appeal.

On February 25, 2014, Appellant filed the instant timely *pro se* PCRA petition. He subsequently filed numerous *pro se* motions and supplemental petitions. The PCRA court appointed counsel, who, on June 28, 2016, filed an amended PCRA petition asserting a single claim of ineffectiveness; namely, that trial counsel was ineffective for failing to file a petition for allowance of appeal in the Pennsylvania Supreme Court following this Court's reversal of the suppression order. In the amended petition, Appellant averred that he requested counsel to seek discretionary review in our Supreme Court, but counsel refused to do so.

The Commonwealth filed a motion to dismiss the amended petition. In response, the PCRA court issued a single-paragraph Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without an evidentiary hearing, wherein it stated:

> I have made this decision because the issues raised in the petition are meritless. Specifically, appellate counsel was not ineffective and the claim that appellate counsel was ineffective for failing to file a petition for allowance of appeal is undeveloped and unsupported.

Pa.R.Crim.P. 907 Notice, 8/15/17, at 1. On October 24, 2017, the PCRA court entered an order dismissing the petition, and Appellant subsequently filed a timely notice of appeal. The PCRA court did not order Appellant to file a Pa.R.A.P 1925(b) concise statement of errors complained of on appeal;

however, it authored a Pa.R.A.P 1925(a) opinion in which it explained the bases for its dismissal, including: (1) the amended petition was untimely; (2) no evidentiary hearing was warranted because the amended petition did not include a witness certification, as required by 42 Pa.C.S. § 9545(d)(1);[1] and (3) the amended petition lacked any meaningful discussion of the elements required to establish counsel's ineffectiveness. **See** PCRA Court Opinion, 2/1/18, at 4-11.

Appellant raises the following issues for our review:

I. Whether the Appellant filed his amended PCRA petition timely in accordance with 42 Pa.C.S. § 9545(b)(2).

II. Whether the [PCRA] court erred in [dismissing] the Appellant's PCRA petition without an evidentiary hearing on all of the issues raised in the amended PCRA petition regarding counsel's ineffectiveness.

III. Whether the [PCRA] court erred in not granting relief on the PCRA petition alleging prior counsel was ineffective.

_____

[1] Where a petitioner seeks an evidentiary hearing, subsection 9545(d)(1) requires that

the petition shall include a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony. Failure to substantially comply with the requirements of this paragraph shall render the proposed witness's testimony inadmissible

42 Pa.C.S. § 9545(d)(1). **See also Commonwealth v. Brown**, 767 A.2d 576, 582 (Pa.Super. 2001) ("[W]here a petitioner requests an evidentiary hearing, . . . the petition must include . . . a signed certification as to each intended witness and the petitioner must also provide the witness's name, address, date of birth and the substance of the proposed testimony.").

- 3 -

Appellant's brief at 8 (unnecessary capitalization omitted).

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super. 2012) (citations omitted).

Appellant's first issue concerns the timeliness of his petition. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Furgess*, 149 A.3d 90, 92 (Pa.Super. 2016). Under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id*. § 9545(b)(3). Since the timeliness requirements are jurisdictional, a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010)

Appellant contends that his petition was timely because it was filed within one year of the date his judgment of sentence became final, pursuant to 42 Pa.C.S. § 9545(b)(1). However, the PCRA court takes the position that Appellant's amended petition was untimely, as it was not filed within sixty days of the date on which PCRA counsel learned that trial counsel was ineffective for failing to seek discretionary review of our decision on the suppression order in the Pennsylvania Supreme Court. *See* PCRA Court Opinion, 2/1/18, at 9 (indicating that trial counsel's failure "could be considered a newly-discovered fact" under 42 Pa.C.S. § 9545(b)(2)).

The PCRA court's reasoning is incorrect. According to § 9545(b)(3), Appellant's judgment of sentence became final at the conclusion of direct review or at the expiration of the period for seeking such review. Since Appellant did not file a direct appeal, his judgment of sentence became final thirty days after August 23, 2013, which was September 23, 2013. *See Commonwealth v. Jerman*, 762 A.2d 366 (Pa.Super. 2000) (noting that when PCRA Petitioner does not file a direct appeal his or her judgment of sentence becomes final thirty days after imposition of sentence); Pa.R.A.P. 903(a). Appellant, therefore, had until September 23, 2014 to file his first PCRA petition. As such, his *pro se* PCRA petition, filed on February 25, 2014, was clearly timely. *See Commonwealth v. Brown*, 767 A.2d 576, 579 n.2 (Pa.Super. 2001).

Moreover, the ineffectiveness claim at issue in this appeal was raised in a counseled amendment to Appellant's timely *pro se* PCRA petition. The PCRA does not require that an amendment to a timely PCRA petition be filed within one year of the date the judgment of sentence became final. **See** Pa.R.Crim.P. 905(A) ("The judge may grant leave to amend . . . a petition for post-conviction relief **at any time**. Amendment shall be freely allowed to achieve substantial justice.") (emphasis added). The PCRA court's reliance on **Commonwealth v. Williamson**, 21 A.3d 236 (Pa.Super. 2011), for such a proposition is misplaced. In **Williamson**, the PCRA court was presented with an **untimely** second PCRA petition filed by initial PCRA counsel, and it granted replacement PCRA counsel leave to file an amended petition alleging facts bringing the otherwise untimely petition within the newly-discovered fact exception at § 9545(b)(1)(ii). **Id**. at 240. Here, as we are not confronted with an untimely PCRA petition, the PCRA court erred in determining that Appellant was required to establish a timeliness exception in the amendment to his timely petition.

In his second issue, Appellant contends that the PCRA court erred by dismissing his petition without an evidentiary hearing. "There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa.Super. 2008). However, pursuant to Pa.R.Crim.P. 907, after the PCRA

court has "review[ed] the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s)" and

> is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition **and shall state in the notice the reasons for the dismissal**. . . .

Pa.R.A.P. 907(1) (emphasis added).

In its Pa.R.A.P. 1925(a) opinion, the PCRA court explained that dismissal of the petition without an evidentiary hearing was warranted because Appellant had failed to attach to his petition a signed certification regarding each intended witness, with the witness's name, address, date of birth, and a summary of the witness's testimony, as required by 42 Pa.C.S. § 9545(d)(1). *See* PCRA Court Opinion, 2/1/18, at 10-11.[2]

Although the failure to include a certification is arguably fatal to the claim, this Court has refused to affirm a PCRA court's dismissal on the basis of inadequate witness certifications where the PCRA court did not provide notice of the alleged defect and provide an opportunity to amend the petition to comply with section 9545(d)(1), and the petitioner's claim "potentially has

---

[2] As Appellant's ineffectiveness claim hinges on a purported conversation between him and his attorney, wherein Appellant told counsel to file a petition for allowance of appeal, it is unclear who Appellant would call as a witness other than himself and, presumably, trial counsel.

arguable merit." *See Commonwealth v. Lippert*, 85 A.3d 1095, 1101 (Pa.Super. 2014). As stated by the Court in *Lippert*,

> in both its Pa.R.Crim.P. 907(1) notice and its order formally dismissing Appellant's petition, the PCRA court stated only that the petition lacked issues of arguable merit. The court made no mention of Appellant's deficient witness certification; as a result, Appellant was not afforded the opportunity to amend his petition to comply with Subsection 9545(d)(1). We, therefore, cannot affirm the PCRA court's order based upon the deficient certification. [*Commonwealth v.*] *Robinson*, 947 A.2d [710,] 710-11 [(Pa. 2008) (*per curiam* order)].

*Lippert*, *supra* at 1098.

Here, as in *Lippert*, the PCRA court did not indicate in either its Rule 907 notice or its order dismissing the petition that the petition was procedurally deficient for lack of a witness certification. Instead, the Rule 907 notice stated only that the amended petition was "undeveloped," "unsupported" and "meritless." Pa.R.Crim.P. 907 Notice, 8/15/17, at 1. Thus, the Rule 907 notice did not apprise Appellant of the absence of a signed witness certification, a procedural defect that likely could have been cured.

Additionally, Appellant's ineffectiveness claim potentially has arguable merit. Our Supreme Court has ruled that counsel's unjustified failure to file a requested direct appeal is ineffective assistance of counsel *per se* and that an appellant need not show that he likely would have succeeded on appeal in order to meet the prejudice prong of the test for ineffectiveness. *See Commonwealth v. Lantzy*, 736 A.2d 564, 571 (Pa. 1999). In *Commonwealth v. Liebel*, 825 A.2d 630, 635 (Pa. 2003), our Supreme

Court looked to the principles of *Lantzy* and the failure to file a direct appeal, and applied them to the situation of the failure to file a petition for allowance of appeal. *See Liebel*, *supra* at 634-36. The Supreme Court held that, in presenting a PCRA claim of ineffective assistance of counsel for failing to file a requested petition for allowance of appeal, an appellant need not show that the petition would likely have been granted, but merely that the appeal was requested and counsel failed to act. *See id*. at 635.

Here, Appellant pled that he requested counsel to file a petition for allowance of appeal, and that counsel refused to do so. Amended PCRA Petition, 6/28/16, at 9. If Appellant can prove that he timely requested counsel to file a petition for allowance of appeal, and that counsel disregarded that request, the claim would have arguable merit. *See Lippert*, *supra*.

Given our conclusion that Appellant's claim of ineffective assistance of counsel has arguable merit, we agree with Appellant that he was entitled to an evidentiary hearing in order to attempt to prove his claim. We, therefore, vacate the order dismissing Appellant's PCRA petition, and remand the matter to the PCRA court.[3] That court shall permit Appellant to amend his petition to comply with 42 Pa.C.S. § 9545(d)(1). Thereafter, the court shall schedule an evidentiary hearing on the merits of Appellant's claim detailed above. *See Lippert*, *supra*.

_____

[3] As we vacate the PCRA court's order and remand for an evidentiary hearing, we do not address the remaining issue raised on appeal.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/27/18